UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLYDE R. HARRIMAN, | ) |
|     Plaintiff, | ) |
|         v. | )  1:22-cv-00264-JDL |
| NICHOLAS R. BOLDUC, et al., | ) |
|     Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Clyde R. Harriman, proceeding pro se, filed this action on August 26, 2022, against Defendants Nicholas R. Bolduc (a Maine Forest Service employee) in his individual capacity, the Maine Forest Service, and ten John Doe Supervisors in the Maine Forest Service (ECF No. 1). Harriman asserts claims under state law for abuse of process and intentional infliction of emotional distress, and under 42 U.S.C.A. § 1983 (West 2022) for infringement of his constitutional rights resulting from an "unjustified arrest and prosecution." ECF No. 1 at 1. The alleged arrest occurred when Bolduc issued a Uniform Summons and Complaint to Harriman for cutting down a tree which Harriman claims is located within his deeded right of way. Harriman argues that the property owner of the land where the tree was located had "personal issues" with him and "chose to abuse the process of filing a police report . . . without any basis or cause" and that Bolduc, "without investigating the matter, chose to issue the ticket . . . without any reasonable justification." *Id.* at 3. Harriman refused to sign the ticket and asserts that he told Bolduc that signing would be a

1

violation of his Fifth Amendment rights, and that Bolduc subsequently charged him for Failure to Sign Uniform Summons and Complaint. Harriman states that the charges against him were dropped on March 1, 2019, but that he suffered damages, including $1,500 in legal fees, and he seeks compensatory and punitive damages. The Defendants filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction on November 21, 2022 (ECF No. 8). Harriman did not file a response.

"While a district court retains discretion to dismiss a plaintiff's action under Fed. R. Civ. P. 41(b) for failure to prosecute, lack of response to a motion to dismiss does not, without more, justify this severe sanction." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 n.1 (1st Cir. 2004) (citing *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003)). And when a district court decides a motion to dismiss on the merits, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnación v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003).

"On the other hand, we have held that 'it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity.'" *Pomerleau*, 362 F.3d at 145 (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)). "Where a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond

could result in a procedural default. In such cases, the local rule provides the basis for dismissal rather than Fed. R. Civ. P. 12(b)(6), which does not on its own terms require a response to a motion to dismiss." *Id.* (internal citations omitted).

District of Maine Local Rule 7(b) requires a party to file an objection if the party contests an opposing party's motion. If the objection is not filed within 21 days, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). This applies to pre-trial motions, including motions filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Here, Harriman has waived his objection to the Motion to Dismiss because he failed to file a timely response in opposition.

It is **ORDERED** that the Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (ECF No. 8) is **GRANTED** and Harriman's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated this 22nd day of February, 2023**

                                                    /s/ Jon D. Levy
                                          **CHIEF U.S. DISTRICT JUDGE**