UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLYDE R. HARRIMAN, | ) |
| Plaintiff | ) |
| v. | ) 1:22-cv-00264-JDL |
| NICHOLAS R. BOLDUC, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION FOR RECONSIDERATION**

Plaintiff asks the Court to reconsider its grant of Defendants' motion to dismiss. (Motion for Reconsideration, ECF No. 12.)  Defendants oppose the motion. (Response, ECF No. 13.)  Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

### BACKGROUND FACTS

In his complaint, Plaintiff alleges Defendants, which consist of a Maine forest ranger, the Maine Forest Service, and multiple unidentified supervisors of the forest ranger, violated various constitutional rights when the ranger served him with a ticket and summons for removing a tree from the property of a non-party.  Plaintiff maintains that he had a deeded right of way over the property from which the tree was removed.  Plaintiff asserts the matter for which he was summonsed was ultimately dismissed.

Defendants moved to dismiss the complaint citing in part Plaintiff's failure to allege an actionable claim and in part the Court's lack of jurisdiction over Plaintiff's claim. Plaintiff failed to respond to the motion to dismiss.  The Court, citing relevant Federal and

District of Maine rules of procedure, dismissed the complaint without prejudice due to Plaintiff's failure to file a response to the motion to dismiss. (Order, ECF No. 10.)

In his motion for reconsideration, Plaintiff does not address his failure to respond to the motion to dismiss nor does he challenge the Court's application of the procedural rules that resulted in the dismissal. Instead, Plaintiff essentially argues the Court should reconsider the dismissal because he has a meritorious claim.

## DISCUSSION

"Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). "A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see them his way." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted).

Plaintiff has cited no error of law that would support his request for reconsideration. The Court's order is in accord with the relevant rules of procedure and related case law. The Court's order is also not clearly unjust. The Court did not act on the motion until more than two months after the expiration of the deadline for Plaintiff's response to the motion. Plaintiff thus had more than enough time to file a response to the motion. In addition,

because the Court dismissed the case without prejudice, the Court's order does not preclude Plaintiff from refiling the claim, subject to any defenses the defendants might assert. Accordingly, reconsideration is not warranted based on the application of the legal principles that typically govern a court's assessment of a motion to reconsider.

Because the order for which reconsideration is requested resulted in a judgment of dismissal, Plaintiff's motion can be construed as a motion for relief from the judgment. Federal Rule of Civil Procedure 60 governs a court's consideration of a request for relief from judgment. Rule 60(b) authorizes a court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff has not asserted any facts that could reasonably be construed (a) to support a finding of mistake, inadvertence, surprise, or excusable neglect, (b) as newly discovered evidence, or (c) to suggest the judgment is the product of fraud, misrepresentation, or misconduct by the defendants. Furthermore, Plaintiff has not argued that the judgment is void, that the judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's argument does not constitute any "other reason that justifies

relief."[1]  Plaintiff, therefore, has not asserted facts that would support relief from judgment under Rule 60.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for reconsideration.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of April, 2023.

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).