UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLYDE R. HARRIMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:22-cv-00264-JDL |
| | ) |
| NICHOLAS R. BOLDUC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiff Clyde R. Harriman, proceeding pro se, filed this action (ECF No. 1) on August 26, 2022, against the Defendants Nicholas R. Bolduc (a Maine Forest Service employee) in his individual capacity, the Maine Forest Service, and ten John Doe Supervisors in the Maine Forest Service. Harriman asserted claims under state law for abuse of process and intentional infliction of emotional distress, and under 42 U.S.C.A. § 1983 (West 2023) for infringement of his constitutional rights resulting from an "unjustified arrest and prosecution." ECF No. 1 at 1. The Defendants filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject-Matter Jurisdiction (ECF. No. 8), and Harriman did not oppose the motion. Because Harriman did not file a timely response in opposition to the motion, the Court dismissed the Complaint without prejudice (ECF No. 10) pursuant to District of Maine Local Rule 7(b).

On March 6, 2023, Harriman filed a Motion for Reconsideration (ECF No. 12) pursuant to Fed. R. Civ. P. 60, arguing that the Court misapplied the relevant legal

1

standards for a motion to dismiss and that "the Court has failed to view the facts in the light most reasonable to the Plaintiff." ECF No. 12 at 1. Harriman contends that he should have been granted leave to amend his Complaint prior to dismissal and that reconsideration is warranted to allow him to cure the Complaint's deficiencies. The Defendants oppose the motion (ECF No. 13), asserting that the Court's Order correctly dismissed the action pursuant to Local Rule 7(b) and that Harriman did not establish that he was entitled to reconsideration under Fed. R. Civ. P. 60(b).

United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 14) with the Court pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2023) and Fed. R. Civ. P. 72(b). Judge Nivison recommends denying the motion because Harriman has not asserted facts which would support reconsideration under Fed. R. Civ. P. 60 or provided any "other reason that justifies relief." ECF No. 14 at 3-4. Judge Nivison provided notice that failure to object would waive the right to *de novo* review and appeal.

Harriman filed an Objection (ECF No. 15), arguing again that the Court should construe his Complaint generously due to his pro se status. Harriman maintains that his Complaint states viable claims for relief and asserts that the Court "has engaged in manifest injustice" in dismissing it. ECF No. 15 at 8.

Notwithstanding the fact that Harriman failed to object to "specified" portions of the Magistrate Judge's Recommended Decision,[1] *see* 28 U.S.C.A. § 636(b)(1)(B), I

---

[1] Harriman's only argument that could be construed as an objection to a specific portion of the Recommended Decision is that "the Magistrate has essentially tried the entire case on pleadings and affidavits without allowing the material facts and inferences pertaining to the same to be determined in a trial by jury . . . ." ECF No. 15 at 11.

have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary. To Judge Nivison's well-reasoned recommendations, I add the following:

First, Harriman argues that he should be granted leave to amend his Complaint. Harriman had an opportunity to file an amended complaint within 21 days of service of the Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). He did not file an amendment or otherwise respond to the motion, as required by Local Rule 7(b). Harriman also did not seek leave from the Court to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2) prior to dismissal of the action. Should Harriman wish to pursue his claims, he may attempt to file a new action because his Complaint was dismissed without prejudice. *See López-González vs. Mun. of Comerío*, 404 F.3d 548, 555 (1st Cir. 2005) ("[I]n dismissing without prejudice, the district judge may be presumed to have meant to allow plaintiffs to refile their claim.").

Second, Harriman argues that the Court applied improper legal standards in assessing the merits of his claims and that he should be afforded more latitude because of his pro se status. In dismissing the action without prejudice, the Court did not assess the Complaint's merits and based its dismissal on Local Rule 7(b), which requires a party to file an objection if the party contests an opposing party's motion. In the three-month period between the filing of the Motion to Dismiss and

the Court's Order dismissing the action, Harriman did not respond to the Motion to Dismiss or notify the Court that he intended to proceed. Moreover, Harriman has not explained his failure to oppose the Motion to Dismiss or comply with the Local Rules. Although pro se litigants are not held to the same standards as licensed attorneys, *see Girard v. Dodd*, No. 2:16-cv-00165-LEW, 2019 WL 3535689, at *1 n.2 (D. Me. Aug. 2, 2019), they are required to comply with procedural rules. *See, e.g., Heather S. v. Berryhill*, No. 1:18-cv-00178-JAW, 2018 WL 4781169, at *1 (D. Me. Oct. 3, 2018) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules." (quoting *United States v. Edmunds*, No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (*rec. dec., aff'd* Jan. 10, 2017))).

Third, Harriman's Objection does not refute any of the Magistrate Judge's conclusions as why he is not entitled to relief under Fed. R. Civ. P. 60, and instead summarizes general rules as to when reconsideration of a judgment is warranted. A court may relieve a party from judgment under Rule 60(b) for, among other things, "mistake, inadvertence, surprise, or excusable neglect, [] newly discovered evidence, [] fraud . . . misrepresentation, or misconduct by an opposing party, . . . or []any other reason that justifies relief." Rule 60(b) is not the proper vehicle to assert new arguments or factual allegations, nor is it the way to seek leave to amend a complaint that has been dismissed. *See Bezio v. Draeger*, No. 2:12–cv–396–NT, 2015 WL 1242730, at *1 (D. Me. Mar. 18, 2015) ("[N]one of the provisions of Rule 60(b) offers

an opportunity to relitigate the case or introduce new arguments and facts that could have been raised in the prior proceeding."). As Judge Nivison explained, Harriman has not provided any justification for his failure to oppose the Motion to Dismiss that would constitute "excusable neglect," and he has not shown that any of the other grounds for relief apply. ECF No. 14 at 3. Accordingly, reconsideration is not warranted under Fed. R. Civ. P. 60(b).

Fourth, Harriman argues that Fed. R. Civ. P. 59(e) "permits a district court to correct its own errors" to prevent manifest injustice. ECF No. 15 at 3. Even if the Court were to construe Harriman's motion as a request to alter or amend a judgment under Rule 59(e), the outcome would not change. Such a motion will only be granted to (1) accommodate a change in controlling law, (2) account for new evidence, or (3) correct a clear error of law. *See Fed. Deposit Ins. Corp. v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir. 1992) (noting that "Rule 59(e) motions are 'aimed at *re*consideration, not initial consideration'" and that Rule 59(e) motions "must either clearly establish a manifest error of law or must present newly discovered evidence." (quoting *Harley-Davidson Motor Co., Inc., v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990))). None of these circumstances are present here, and mere disagreement with the Court's proper application of local procedural rules does not constitute a manifest error of law. *See De Giovanni v. Jani-King Int'l, Inc.*, 968 F. Supp. 2d 447, 450 (D. Mass. 2013) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented . . . prior to judgment.'" (quoting *United States v.*

*Allen*, 573 F.3d 42, 53 (1st Cir. 2009))); *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852-53 (1st Cir. 2006) (assessing plaintiff's motion for reconsideration under Rule 59(e) and concluding that "simple disagreement with the court's decision is not a basis for reconsideration").

It is therefore **ORDERED** that the Recommended Decision (ECF No. 14) of the Magistrate Judge is hereby **ACCEPTED** and Harriman's Motion for Reconsideration (ECF No. 12) is **DENIED**.

**SO ORDERED.**

**Dated: July 12, 2023**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**